UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PATENT MANAGEMENT FOUNDATION, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ANALOG DEVICES, INC.,<br><br>Defendant. | Case No: C 10-03630 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>Dkt. 17 |

Plaintiff Patent Management Foundation ("Plaintiff" or "PMF") brings the instant action as a qui tam relator against Defendant Analog Devices, Inc. ("Defendant" or "ADI") for false marking under the Patent Act, 35 U.S.C. § 292(a). The parties are presently before the Court on Defendant's Motion to Transfer Venue to the District of Massachusetts. Dkt. 17. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **BACKGROUND**

   A. **OVERVIEW OF THE FALSE MARKING STATUTE**

The Patent Act provides "a limited right to exclude others from making, using, or selling a claimed invention for a limited period of time . . . ." TransCore, LP v. Elec. Transaction Consultants Corp., 563 F.3d 1271, 1275 (Fed. Cir. 2009) (quoting Bloomer v. McQuewan, 55 U.S. (14 How.) 539, 548 (1852)); 35 U.S.C. § 154(a)(1). A patentee who

| | |
|---|---|
| 1 | obtains a patent from the Patent and Trademark Office has the right to indicate on the |
| 2 | product that it is subject to a patent. 35 U.S.C. § 287. At the same time, the Patent Act |
| 3 | prohibits the marking of an article as being patented or the subject of a pending patent |
| 4 | application when the article is neither. 35 U.S.C. § 292. Section 292, which is commonly |
| 5 | referred to as the "false marking statute," provides, in pertinent part that: |

> Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public … [¶] Shall be fined not more than $500 for every such offense.

35 U.S.C. § 292(a). Section 292 contains a qui tam provision which states that "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States." Id. § 292(b). When a plaintiff sues as a qui tam relator, it is suing "for an injury to the United States." Stauffer v. Brooks Bros., Inc., 619 F.3d 1321, 1325 (Fed. Cir. 2010).

### B. FACTUAL SUMMARY AND PROCEDURAL HISTORY

Plaintiff is a non-profit entity based in San Jose, California, founded by attorney Doug Thomas shortly before filing this lawsuit, inter alia, to "rectify" the evils of false patent marking. Thomas Decl. ¶¶ 2-3, 17, Dkt. 27.[1] Apparently inspired by "a couple of active false marking cases making the headlines," Thomas began investigating "certain products and or certain companies that mismarked their products or brochures." Id. ¶¶ 9, 12. In the course of his "investigation," Thomas visited the website of ADI, a Massachusetts-based semiconductor company that manufactures circuits, amplifiers, transducers and other electronics. Id. ¶ 13; Compl. ¶ 10 and Ex. A, Dkt. 1. On ADI's

---

[1] Plaintiff was registered as a California Limited Liability Company on June 29, 2010, less than two months before it filed suit against ADI on August 17, 2010. Duh Decl. Ex. A, Dkt. 19-1. Plaintiff's business address is the same as TI Technology Group, a law firm founded by Mr. Thomas. Id. Exs. A-C; Thomas Decl. ¶ 3. Notably, Plaintiff does not dispute ADI's assertion that "Plaintiff has no cognizable activities in California (or elsewhere) other than prosecuting this lawsuit." Def.'s Opp'n at 7, Dkt. 7.

website, Thomas allegedly found a number of downloadable data sheets[2] associated with ADI's products which included references to expired patents. Thomas Decl. ¶ 14-15. Thereafter, on April 7, 2010, Plaintiff sent ADI a letter which identified various ADI products bearing expired patent numbers. Id. Ex. A. Plaintiff purported to offer unspecified "patent management assistance" to help ADI make "proper and more efficient use of [its] patents." Id. After ADI did not respond to the letter, Plaintiff filed suit.

On August 17, 2010, Plaintiff commenced the instant qui tam action in this Court against ADI alleging claims for false marking under § 292(a). In its sixty-eight page Complaint, Plaintiff alleges twenty-eight separate claims for patent mismarking based on twenty-eight ADI data sheets. ADI now moves the Court to transfer venue to the District of Massachusetts. In its motion, ADI points out that it is incorporated and headquartered in Massachusetts, and that the vast majority of witnesses and relevant documentary evidence are located there as well. See Def.'s Mot. at 4, Dkt. 17. Though Plaintiff does not dispute that it could have filed this action in the District of Massachusetts, it argues that ADI's motion should be denied because California is its choice of forum, ADI has benefited from its contact with this State and California businesses allegedly have been harmed by ADI's mismarking. See Pl.'s Opp'n at 10-11, Dkt. 25.[3]

## II. LEGAL STANDARD

Title 28 of the United States Code, section 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In exercising its discretion under § 1404, the court may consider the following, if appropriate:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the

---

[2] A "data sheet" contains a general description of and technical specifications for the product. Compl. Ex. A.

[3] ADI has filed objections to certain of Mr. Thomas' statements in his declaration. Dkt. 33. Since the Court's analysis is not dependent upon the ostensibly objectionable portions of the declaration, ADI's objections are overruled as moot.

> respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). "The court has the broad discretion to address some of these or other factors based on the particular facts of each case." Johansson v. Central Garden & Pet Co., No. C 10-03771 MEJ, 2010 WL 4977725, at *2 (N.D. Cal. Dec. 2, 2010) (James, J.) The burden is on the moving party to demonstrate that the present forum is "inappropriate." Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).[4]

## III. DISCUSSION

### A. PLAINTIFF'S CHOICE OF FORUM

As a general matter, a plaintiff's choice of forum should be afforded deference when the district court is considering a motion to transfer under 28 U.S.C. § 1404. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("the defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). Nevertheless, less weight has been accorded to this factor where the operative events occurred outside the forum. See Metz v. U.S. Life Ins. Co. in City of New York, 674 F. Supp. 2d 1141, 1146 (C.D. Cal. 2009) ("Deference to the plaintiff's choice of venue is further diminished if … the operative facts have not occurred within the forum"); see also W. Digital Techs., Inc. v. Bd. of Regents of the Univ. of Tex., No. C 10-3595 SBA, 2011 WL 97785, at *3 (N.D. Cal. Jan. 12, 2011) (transferring venue in a patent dispute to the Eastern District of Texas under § 1404(a) where the operative events transpired in Texas, notwithstanding the fact that California was the plaintiffs' choice of forum) (Armstrong, J.). Here, it is undisputed by Plaintiff that ADI's maintenance and review of the company's data sheets are handled by its legal department, which is located in

---

[4] As noted, the list of factors set forth in Jones may not apply in every case. Thus, the Court focuses its analysis on the arguments germane to the factors presented by the parties in their respective briefs.

- 4 -

Massachusetts. Fiorillo Decl. ¶ 7, Dkt. 18. As such, it is readily apparent that the situs of alleged mismarking, and the salient events underlying such conduct, is Massachusetts, not California. Tellingly, Plaintiff ignores this critical fact in its opposition.

The deference otherwise accorded to a plaintiff's choice of forum is further undermined by the fact that Plaintiff has filed this action as a qui tam relator. In a qui tam false marking action, the plaintiff sues on behalf of the United States. See Stauffer, 619 F.3d at 1325. Thus, while Plaintiff may be located in this District, that fact is of little consequence given that literally any person or entity located anywhere in the United States could have filed the instant action. It is for that reason that federal courts have ascribed little deference to a qui tam plaintiff's choice of forum. See Seely v. Cumberland Packing Corp., No. C 10-02019 LHK, 2010 WL 5300923, at *3 (N.D. Cal. Dec. 20, 2010) (finding that "[s]ubstantial persuasive case law supports the principle that the choice of forum by a qui tam plaintiff asserting patent mis-marking is entitled to little deference.") (Ko, J.); San Francisco Tech., Inc. v. The Glad Prod. Co., No. C 10-0966 JF, 2010 WL 2943537, at *7-8 (N.D. Cal. July 26, 2010) ("there is substantial persuasive authority supporting Defendants' position that a plaintiff's choice of forum is entitled to less weight in a qui tam [false marking] action") (Fogel, J.); U.S. ex rel. Adrian v. Regents of Univ. of Cal., No. C 99-3864 TEH, 2002 WL 334915, at *2 (N.D. Cal. Feb. 25, 2002) ("a plaintiff's choice of forum is not given substantial weight when the plaintiff is a qui tam relator, asserting the rights of the United States government") (Henderson, J.). Given the nature of this lawsuit, coupled with the lack of a nexus between this forum and the conduct underlying Plaintiff's claims, the Court accords little deference to Plaintiff's decision to file suit in this District.

### B. EASE OF ACCESS TO SOURCES OF PROOF

#### 1. Witnesses

The fact that the events related to this action occurred in the District of Massachusetts also informs the Court's analysis regarding which district is a more convenient forum for the parties and witnesses. Here, the record confirms that the overwhelming majority of witnesses and documents relevant to this action are located in

Massachusetts. Eight of ADI's ten executive officers are based in Massachusetts; none are located in California. Fiorillo Decl. ¶ 3. ADI's in-house legal department and communications department, which bear responsibility for publishing and maintaining the data sheets, respectively, also are based in Massachusetts. Id. ¶¶ 4-5, 7.

Plaintiff does not dispute ADI's contention that virtually all of the party-affiliated witnesses are located in Massachusetts. Instead, Plaintiff focuses on the three witnesses it intends to call, who are listed as: (1) an unidentified individual from ADI's legal department, who likely resides in Massachusetts; (2) Vincent Roche, ADI's President of Worldwide Sale, who allegedly resides in Ireland; and (3) Plaintiff's founder, attorney Doug Thomas. Pl.'s Opp'n at 18-19. Plaintiff's response is unpersuasive. As an initial matter, Plaintiff only considers who *it* intends to call as witnesses, without giving any consideration to *ADI's witnesses*, almost all of whom are in Massachusetts. Moreover, Plaintiff erroneously states that Mr. Roche resides in Ireland when, in fact, he resides in Massachusetts. Supp. Fiorillo Decl. ¶ 3, Dkt. 31. Thus, of the witnesses identified by Plaintiff, all but one reside in Massachusetts.

The *only* witness identified by Plaintiff who resides in this District is Mr. Thomas, who allegedly will testify "regarding issues related to ADI's intent to deceive the public…." Pl.'s Opp'n at 19. Mr. Thomas' competence to offer such testimony, however, is entirely questionable. In order to be liable for false marking, a party must (1) "mark an 'unpatented article'" (2) "'for the purpose of deceiving the public.'" Pequignot v. Solo Cup Co., 608 F.3d 1356, 1361-62 (Fed. Cir. 2010) (quoting in part 35 U.S.C. § 292(a)). "[T]he combination of a false statement and *knowledge that the statement was false* creates a rebuttable presumption of intent to deceive the public…." Id. (emphasis added). Since the focus of the false marking claims is on ADI's knowledge of the alleged falsity, it is the

testimony of ADI's officers and/or employees that will be critical, not the subjective beliefs of Mr. Thomas.[5]

Equally unavailing is Plaintiff's ancillary assertion that the majority of non-party witnesses are located in this District. Pl.'s Opp'n at 20. According to Plaintiff, it plans to obtain discovery from ADI's customers to "show the appeal of purchasing patent-protected semiconductor products, and in particular, those customers' reliance on ADI's representations that its products are protected by patents used to mark such patents." Pl.'s Opp'n at 20. However, Plaintiff fails to proffer any admissible evidence as to the identity of ADI's customers or whether those customers reside in California. Indeed, the only possible customer identified by Plaintiff is Cisco Systems, Inc. Bedi Decl. ¶ 9, Dkt. 9. In any event, the significance of such testimony relative to Plaintiff's claims is tenuous at best. Since the focus of the false marking claims is on ADI's knowledge of the alleged falsity, whether or not ADI's customers were motivated to purchase the ADI products at issue based on ADI's patent markings is largely inapposite.

### 2. Documents

It is likewise undisputed that most, if not all, of the documentary evidence is located at ADI's headquarters in Massachusetts.[6] Fiorillo Decl. ¶¶ 8, 11. Plaintiff ignores that fact and speculates that ADI's documents are "available electronically." Pl.'s Opp'n at 16. The flaw in this argument is that Plaintiff provides no evidence to support its contention that ADI's documents are stored primarily in electronic form. That notwithstanding, the possibility that documents can be produced electronically does not alter the conclusion that

---

[5] Plaintiff attempts to make much of the letter Mr. Thomas sent to ADI shortly before Plaintiff filed this lawsuit as evidence of ADI's purported intent to deceive. Pl.'s Opp'n at 19 (citing Thomas Decl. ¶ 18). Specifically, Plaintiff insists that Mr. Thomas sent such letter "to apprise ADI of its false marking conduct so that it could take corrective measures." Id. at 5. This contention is specious. The letter, which is attached as Exhibit A to Mr. Thomas' declaration, is plainly an attempt to solicit business from ADI—as opposed to giving ADI notice to take corrective action. Thomas Decl. Ex. A at 4. In light of the solicitous nature of Mr. Thomas' letter, it is entirely unclear how ADI's purported failure to respond to Mr. Thomas' letter is in any way probative of ADI's intent to deceive.

[6] Plaintiff has not identified any documents that are located in the Northern District of California.

the cost of litigation will likely be less if the case were venued in the forum where the evidence is located. Foster v. Nationwide Mut. Ins. Co., No. C 07-04928 SI, 2007 WL 4410408, at *6 (N.D. Cal. Dec. 14, 2007) (noting that "while 'developments in electronic conveyance have reduced the cost of document transfer somewhat, the cost of litigation will be substantially lessened if the action is venued in the same district where most of the documentary evidence is found.'") (Illston, J.) (citation omitted). In sum, the Court finds that the sources of proof are far more accessible to both parties in Massachusetts, as compared to California. This factor therefore strongly favors a transfer of venue.

### C. PARTIES' CONTACTS WITH THIS FORUM

Plaintiff contends that this factor weighs against transfer because both parties have "extensive" contacts with California, while Plaintiff has no connection to Massachusetts. Pl.'s Opp'n at 12. However, the factual basis for these assertions is the declaration of Mr. Thomas, whose testimony on these matters lacks foundation and constitutes inadmissible hearsay. See Thomas Decl. ¶¶ 25-29. But even if ADI has transacted business in this District, the significance of such contacts is far outweighed by the fact that the evidence and other information relevant to this case are located almost entirely in Massachusetts.

Plaintiff attempts to make much of Mr. Thomas and his law firm TI Law Group's alleged connections to this forum. Indeed, Plaintiff devotes several pages of its brief and in the supporting declaration of Mr. Thomas recounting his personal biography, his "scholarly contributions to the practice of law," and his role as an "IP lawyer, mentor, investor and entrepreneur" in the Silicon Valley. See Pl.'s Opp'n at 3-4; Thomas Decl. ¶¶ 2-8. All of that information is of little moment, as neither Mr. Thomas nor TI Law Group is a party to this action. PMF is the only party named as a plaintiff. As for PMF, its contacts with California (or any other forum) are minimal, given that PMF did not exist until less than two months before the commencement of this lawsuit. Duh. Decl. Ex. A. On balance, the Court concludes that this factor, which assesses the parties' contacts with this forum, is neutral.

### D. CONTACTS RELATING TO PLAINTIFF'S CLAIMS

Plaintiff contends the harm from ADI's alleged false marking occurred in this District, where ADI's customers allegedly are located and that California has an interest in protecting its citizens. Pl.'s Opp'n at 11-12. Setting aside Plaintiff's failure to proffer any admissible, supporting evidence on these issues, Plaintiff overlooks the fact that the harm to ADI's customers or Plaintiff is not an element of a false marking claim. As discussed, § 292 requires proof that the defendant falsely marked one or more of its products and did so with an intent to deceive the public. The penalty for such a violation is fixed by statute, and the "effects" of such injury, therefore, are not pertinent to liability or damages. See Lightspeed Aviation, Inc. v. Bose Corp., No. 10-CV-239-BR, 2010 WL 3928624, at *3 (D. Or. Oct. 10, 2010) (noting that "[t]he harm to Plaintiff … is not an element of the claim under § 292" and therefore was not a relevant consideration on a § 1404(a) motion to transfer venue). Even if the forum in which the harm was felt were germane, there is no evidence that the sales of ADI's products at issue in this action were greater in this District than compared to any other forum.[7] At best, this factor is neutral.

### E. RELATIVE COST OF LITIGATION

As set forth above, the bulk of the witnesses and documentary evidence pertinent to Plaintiff's false marking claims are located in Massachusetts. As such, from a cost perspective, it will be more efficient for the litigation to proceed in the District of Massachusetts rather than on the other side of the continent in California. See Italian Colors Rest. v. Am. Exp. Co., No. C 03-3719 SI, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003) ("Generally, litigation costs are reduced when venue is located near most of the witnesses expected to testify or give depositions."). Plaintiff does not dispute this inescapable reality, but nonetheless posits that ADI is a large company that can "easily bear" the cost of litigating in a distant forum. Pl.'s Opp'n at 21. The Court again is

---

[7] Plaintiff's reference to California's interest in "protecting its corporate citizens from harm," see Pl.'s Opp'n at 11, is somewhat perplexing, given that Plaintiff filed this suit as a qui tam relator on behalf of the United States, and not as an action brought on behalf of California citizens.

**1**  unpersuaded. A false marking qui tam action allows an individual plaintiff to bring suit
**2**  against what is likely to be an entity with far more resources than the plaintiff. As such, it
**3**  is likely that a defendant in a qui tam action will have superior resources compared to the
**4**  plaintiff. It is for that reason that courts have downplayed the significance of this factor in
**5**  cases such as the present. E.g., U.S. v. T.F.H. Publications, Inc., No. 2:10cv437, 2010 WL
**6**  4181151, at *3 (W.D. Pa. Oct. 20, 2010) ("Any discrepancy with regard to relative size and
**7**  financial condition [between the parties in a false patent marking case], therefore, is of no
**8**  moment.").

Further, it is clear that, on balance, the burden of litigating in this forum will be significantly greater on ADI, than compared to the situation where Plaintiff is required to litigate its claims in the District of Massachusetts. Litigating this matter in California would be inconvenient to the officers, employees and non-employee witnesses who may be called to testify, and the absence of such officers and employees would be disruptive to ADI's business operations. See Fiorillo Decl. ¶¶ 3-8; Supp. Fiorillo Decl. ¶¶ 4-5, Dkt. 31. In contrast, Plaintiff appears to produce nothing. By all accounts, PMF is little more than a vehicle for its founder, Mr. Thomas, to pursue this lawsuit against ADI. See n.1, supra. Thus, the disruption and cost to Plaintiff's business from having to litigate in Massachusetts, if any, appears negligible, in comparison to the cost and inconvenience to ADI if it were compelled to litigate in this District. The Court thus concludes that this factor weighs in favor of transfer.

### IV. CONCLUSION

The Court finds that ADI has satisfied its burden of demonstrating that the District of Massachusetts is a significantly more convenient forum for the parties and witnesses compared to the Northern District of California. Upon consideration of the applicable factors set forth in Jones, the Court finds that the interests of justice weigh in favor of granting ADI's motion to transfer venue. Accordingly,

1 | IT IS HEREBY ORDERED THAT Defendant ADI's motion to transfer venue is
2 | GRANTED. Pursuant to 28 U.S.C. § 1404(a), the instant action is transferred to the
3 | District of Massachusetts. The Clerk shall close the file and terminate any pending matters.
4 | IT IS SO ORDERED.
5 | Dated: January 19, 2011

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge