# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

PATENT MANAGEMENT FOUNDATION, LLC,

        Plaintiff,

  v.

ANALOG DEVICES, INC.,

        Defendant.

Civil Action No. 1:11-cv-10182-DPW

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT ANALOG DEVICES, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

## TABLE OF CONTENTS

I. INTRODUCTION ...........................................................................................................1

II. ARGUMENT..................................................................................................................1

    A. PMF's Opposition Ignores The Teaching Of *BP Lubricants* ................................1

    B. PMF Should Not Be Permitted To Amend Its Complaint .......................................4

        1. Amendment Would Cause Undue Prejudice To ADI................................4

        2. PMF's Proposed Amendments Would Be Futile.......................................5

III. CONCLUSION...............................................................................................................7

# TABLE OF AUTHORITIES

Federal Cases

*Foman v. Davis*,
   371 U.S. 178 (1962) .................................................................................................... 4

*Glassman v. Computervision Corp.*,
   90 F.3d 617 (1st Cir. 1996) ......................................................................................... 5

*Hollander v. B. Braun Medical, Inc.*,
   2011 U.S. Dist. LEXIS 39461 (E.D. Pa. Apr. 12, 2011) ......................................... 5, 6

*Hollander v. Ortho-McNeil-Janssen Pharm., Inc.*,
   2011 U.S. Dist. LEXIS 36890 (E.D. Pa. Apr. 5, 2011) ........................................... 5, 6

*In re BP Lubricants USA Inc.*,
   No. 10-CV-1258, 2011 WL 873147 (Fed. Cir. March 15, 2011) ...................... passim

*Invest Almaz v. Temple-Inland Forest Products Corp.*,
   243 F.3d 57 (1st Cir. 2001) ......................................................................................... 5

**I.    INTRODUCTION**

ADI submits this reply to correct PMF's repeated mischaracterizations of the so-called "Mismarking Letter" and of the relevant case law.  In its opposition, PMF argues that the Court must accept "the circumstances surrounding the Mismarking Letter [as showing] ADI's knowledge of its false markings and failure to correct."  (*See* Dkt. 46 [Opp.] at 1.)  According to PMF, "[t]hese are enough to give rise to an inference of intent sufficient to defeat ADI's Motion."  (*Id.*)  PMF is wrong.

As mandated by the Federal Circuit, PMF must plead specific underlying facts from which a court may ***reasonably*** infer that ADI acted with intent to deceive.  *See In re BP Lubricants USA Inc.,* No. 10-CV-1258, 2011 WL 873147, *3 (Fed. Cir. March 15, 2011).  PMF has not done so and cannot do so.  Despite PMF's current attempts to spotlight *ex post facto* a single, vague reference to expired patents near the end of the so-called "Mismarking Letter," no court should reasonably infer that the letter provided notice to ADI of its alleged false marking.[1]  Nor do PMF's proposed amendments to its Complaint set forth any additional facts from which the requisite intent can reasonably be inferred.  Because PMF's Complaint does not – ***and cannot*** – plead specific underlying facts from which a court may reasonably infer that ADI acted with intent to deceive, this case should be dismissed with prejudice.

**II.   ARGUMENT**

   **A.    PMF's Opposition Ignores The Teaching Of *BP Lubricants***

PMF contends that the Court must infer deceitful intent based on its allegations that ADI received the so-called "Mismarking Letter."  According to PMF's Opposition, "ADI knew that

---

[1]  Stated simply and directly, ADI requests that the Court read the entire four pages of PMF's supposed "Mismarking Letter" for itself.  ADI strongly believes that that letter in no manner can lead to a reasonable inference that ADI had an intent to deceive.  If the Court agrees, it should grant ADI's motion.

its product datasheets were falsely marked with expired patents and did nothing about it . . . . ADI's knowledge of its mismarking is reflected in the inference that because it received the Mismarking Letter, it read it and was apprised of its contents." (*See* Dkt. 46 [Opp.] at 9.) Further, according to PMF, "because ADI chose not to correct its mismarking, it establishes that ADI [sic] intent to deceive. Nothing more is required of [PMF] to overcome the instant Motion." (*Id.* at 12.) PMF is incorrect.

Even assuming for the sake of argument (and against all evidence to the contrary) that PMF's letter was received and read by Mr. Ray Stata, the letter does not reasonably provide any reader with the alleged "notice." Instead, the four-page letter – which begins "Dear Sir: Ok, so you have patents? But do you properly manage your patents to optimize their value? Most companies do not!" – reads like a solicitation designed to be ignored. (*See* Dkt. 48-1 [Ex. A to Tabesh Decl.] at 1.) PMF spends the next two pages of the letter quoting the U.S. Patent Office's explanation of what a patent is and ends with a request that the recipient "[c]ontact us immediately to take advantage of our patent management services." (*Id.* at 1-2, 4.)

In its opposition, PMF trumpets a single vague reference in the letter to "expired patents":

> In your case, we have noticed marking violations in view of expired patents with respect to at least AD537, AD549, AD558, ADS80, AD584, AD588, AD592, AD596, AD597, AD667, AD574A, AD767, AD781, AD783, AD7112, AD7776, AD7777, AD7778, AD7837, AD7847, AD8305, AD22103, ADG508F, ADG509F, ADG528F, ADl7470, DACI0, TMP17 and SMP04.

(*See* Dkt. 46 [Opp.] at 10.) But PMF neglects to inform the Court that this sentence is buried in the middle of the penultimate paragraph of the four-page letter, that it is the first and only mention of any alleged false marking, and that PMF added emphasis to this sentence in its brief that does not appear in the letter itself. (*Id.*) Also, despite the fact that its Complaint is based on

US1DOCS 7933286v1

twenty-eight counts of alleged false marking on ADI's online "datasheets," PMF's letter does not make a single reference to ADI's datasheets.[2] As a result, no court should reasonably infer that ADI's failure to remove certain references to expired patents on its datasheets after receiving PMF's letter is evidence of any intent to deceive.[3]

Indeed, after reviewing the so-called "Mismarking Letter," Judge Armstrong agreed that the letter did not give ADI notice to take corrective action. (*See* Dkt. 36 [Order Granting Defendant's Motion to Transfer Venue] at 7, n. 5. PMF attempts to downplay Judge Armstrong's opinion by arguing that she did not rely on the Mismarking Letter in deciding to transfer the case. But whether or not Judge Armstrong "relied" on the letter in transferring the case does not change the fact that she reviewed its contents and found that "***it is entirely unclear how ADI's purported failure to respond to [PMF's] letter is in any way probative of ADI's intent to deceive***." *Id.* (emphasis added). PMF's suggestion that this Court should ignore Judge Armstrong's conclusions about the contents of the letter because it was decided in a different procedural context misses the point.

Finally, PMF contends that it sent allegedly "similar" letters to other companies. According to PMF, "other companies, upon learning of mismarking from [PMF's] letter, deleted references to expired patents from their products or brochures. As a result, PMF did not sue them." (*See* Dkt. 46 [Opp.] at 4.) As an initial matter, PMF has not submitted any of these allegedly "similar" letters or provided any additional information about the circumstances surrounding the alleged false marking by these "other companies." Regardless, PMF's

---

[2] PMF misleadingly describes the letter as "a letter informing [Mr. Ray Stata] of . . . ADI's numerous instances of false patent marking with expired patents on certain [sic] ADI datasheets." (*See* Dkt. 46 [Opp.] at 3.) The letter says nothing at all about datasheets.

[3] Thus PMF is simply wrong in its contention that for purposes of the instant Motion, the Court "must" infer that the (disputed) fact that the so-called "Mismarking Letter" was *received* by someone at ADI means that ADI had knowledge of any alleged false marking.

3

contention, in conjunction with a review of the *actual* letter sent to ADI, can lead to only one reasonable conclusion: that PMF was playing a game of "gotcha" against recipient companies with a letter designed to be ignored so that PMF could later point to that letter when seeking a windfall in claimed "penalties." Such tactics should not be condoned. ADI's motion should be granted.

### B. PMF Should Not Be Permitted To Amend Its Complaint

In its opposition, PMF argues that "even if ADI's Motion is granted, PMF should be given an opportunity to amend its Complaint." (*See* Dkt. 46 [Opp.] at 2.) PMF contends that it is prepared to plead: (1) additional facts showing multiple revisions of ADI's product datasheets after expiration of patents with which they are marked; and (2) additional facts showing that ADI routinely monitored the number of active patents in its portfolio, yet failed to take corrective action when the patents expired. (*See id.*) However, PMF's proposed amendments would not only cause undue prejudice to ADI but would also be futile because it would still fail to plead sufficient facts under *BP Lubricants*. Accordingly, PMF should not be granted leave to amend its deficient Complaint.

#### 1. Amendment Would Cause Undue Prejudice To ADI.

Leave to amend should be denied if permitting the plaintiff to amend would cause undue prejudice to the defendant. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). Here, PMF seeks to amend its Complaint to add allegations based on information purportedly found on ADI's website and in ADI's annual reports. (*See* Dkt. 46 [Opp.] at 13-15.) But all of PMF's proposed amendments are based on publicly available information *that was available to PMF when it first filed its Complaint*. (*See id* (identifying the source of the information for its proposed amendments as ADI's website and ADI's Annual Reports)). PMF alone is responsible for its failure to include this material in its original Complaint. If PMF were granted leave to amend,

4

ADI would suffer undue prejudice, including the expenditure of further litigation expenses associated with responding to PMF's baseless lawsuit. *See, e.g.*, *Invest Almaz v. Temple-Inland Forest Products Corp.*, 243 F.3d 57, 72 (1st Cir. 2001) (stating that "[w]hat the plaintiff knew or should have known and what he did or should have done are relevant to the question of whether justice requires leave to amend under this discretionary provision").

        2.        <u>PMF's Proposed Amendments Would Be Futile.</u>

It is well-established that leave to amend should be denied where the proposed amendments would be futile. *See, e.g., Glassman v. Computervision Corp.*, 90 F.3d 617 (1st Cir. 1996) (affirming the dismissal of a complaint without leave to amend because the amendments would be futile). In this case, PMF proposes two categories of amendments, neither of which can satisfy *BP Lubricants'* heightened pleading standard.

*First,* PMF seeks leave to plead "additional facts showing multiple revisions of ADI's product datasheets after expiration of patents with which they are marked." (Dkt. 46 [Opp.] at 2.) But these allegations, without more, would not allow the Court to reasonably infer that ADI had knowledge that certain patents on its datasheets had expired when it revised those datasheets and that ADI failed to remove the expired patents with intent to deceive. PMF's reliance on two non-binding district court cases is inapposite. (*See* Dkt. 46 [Opp.] at 13.) Both cases involved allegations of multiple product packaging updates ***coupled with other*** indicia of the defendant's knowledge of the patent's expiration. *See Hollander v. B. Braun Medical, Inc.*, 2011 U.S. Dist. LEXIS 39461, at *10 (E.D. Pa. Apr. 12, 2011); *Hollander v. Ortho-McNeil-Janssen Pharm., Inc.*, 2011 U.S. Dist. LEXIS 36890, at *16 (E.D. Pa. Apr. 5, 2011).

In *Braun Medical*, the plaintiff made allegations that the defendant updated its product packaging multiple times after the patent marked thereon expired, ***coupled with*** allegations that at least one of the revisions occurred ***after*** the current lawsuit was filed. *See B. Braun Medical,*

5

*Inc.*, 2011 U.S. Dist. LEXIS 39461, at *10. According to the court, "[t]he filing of this suit arguably put the defendant on notice that its patents had expired. Accepting as true the allegation that the defendant revised its packaging *after this suit was filed*, and yet failed to remove the expired patent markings, the Court could infer that the defendant intended to deceive the public." *Id.* PMF has not made, and cannot make, a similar allegation as to ADI.[4] Similarly, in *Ortho-McNeil-Janssen,* the plaintiff made allegations that the defendant updated its product packaging multiple times after the patents marked thereon expired, *coupled with* allegations that the defendant knew of the expiration of those patents through: (1) active involvement in patent litigation related to three of the patents; and (2) applications by generic drug manufacturers for approval to sell generic versions of two of the drugs at issue after their respective patents expired. *Ortho-McNeil-Janssen Pharm., Inc.*, 2011 U.S. Dist. LEXIS 36890, at *11. Again, PMF has not made, and cannot make, similar allegations as to ADI.

Thus, in both cases relied upon by PMF, the court found the additional facts alleged sufficient to reasonably infer that each defendant was aware that the marked patents were expired at the time that the product packaging was updated. In marked contrast, PMF's allegations of multiple revisions to online datasheets – with nothing more – are not sufficient to draw such an inference.

*Second,* PMF seeks leave to plead additional facts alleging that ADI routinely monitored the total number of active patents in its portfolio, yet failed to take corrective action when the patents expired. (*See* Dkt. 46 [Opp.] at 2.) In particular, PMF seeks to leave to add a statement from an audio recording on ADI's website and statements from ADI's past annual reports regarding the total number of patents held by ADI. (*See* Dkt. 46 [Opp.] at 14-15.) However,

---

[4] PMF acknowledges that "[s]ince this action was filed, ADI appears to have deleted all references to expired patents on datasheets downloadable from its website." (*See* Dkt. 46 [Opp.] at 4.)

6

these statements about total numbers are too general to allow the Court to "reasonably" infer that anyone at ADI had knowledge that any of the patents listed on ADI's datasheets had expired, let alone that the person responsible for revising ADI's datasheets had that knowledge. Thus, adding such allegations is tantamount to merely repeating the assertion that ADI is a "sophisticated technology company," an allegation which the Federal Circuit has already found to be insufficient from which to infer intent. *In re BP Lubricants USA Inc.*, 2011 WL 873147, *4. Because none of PMF's proffered amendments can cure the infirmities inherent in PMF's claims, PMF's Complaint should be dismissed without leave to amend.

## III. CONCLUSION

For the foregoing reasons, ADI respectfully requests that its motion for judgment on the pleadings be granted, and that PMF's Complaint be dismissed with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: May 9, 2011 | By: s/ David B. Bassett |
|  | David B. Bassett (BBO # 551148)<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>399 Park Avenue<br>New York, NY 10022<br>Telephone: (212) 230-8800<br>Facsimile: (212) 230-8888 |
|  | Christine Duh (admitted *pro hac vice*)<br>Andrew L. Liao (admitted *pro hac vice*)<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |
|  | Attorneys for Defendant,<br>ANALOG DEVICES, INC. |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 9, 2011, the foregoing document was filed with the Clerk of the United States District Court for the District of Massachusetts, using the court's electronic filing system (ECF), in compliance with Local Rule 5.4. The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, all of whom are also deemed to have consented under Local Rule 5.4 to accept that Notice as service of this document.


Dated: May 9, 2011                                    By: /s/ David B. Bassett
                                                          David B. Bassett